Petitioner in this case, William C. Turnage, III, appeals his removal from the Department of Agriculture, Agricultural Stabilization and Conservation Service (ASCS). He represents himself before this court, as he has throughout the proceedings below. A counterclaim by defendant has been dismissed by stipulation of the parties.
As petitioner’s objections to his removal are procedural, it is necessary to set out the history of his case in some detail. On February 1, 1979, petitioner was presented with a notice of proposed removal. The notice stated at length (14 pages) the factual basis for his removal-essentially, deficient job performance-but it did not at any point cite the part of the statutory framework for adverse actions under which his removal was being processed. Nor did the notice use one of the formular phrases in the statute, which would have indicated the procedures used.
The procedural basis for petitioner’s removal was not as clear as it might otherwise have been because the Civil Service Reform Act of 1978 (act) had very recently become effective, on January 11, 1979. The Civil Service Reform Act made substantial changes in the procedures by which and the reasons for which Government employees might be disciplined or, in this case, removed. For present purposes, it is sufficient to state that the act established two different, mutually exclusive procedural routes for disciplining employees on the basis of unsatisfactory job performance. 5 U.S.C. §752(d) (Supp. IV 1980). Chapter 75 (5 U.S.C. §§ 7511-7514) provides for removal to "promote the efficienty of the service.” 5 U.S.C. §7513(a). Regulations pursuant to chapter 75 are codified in part 752. (5 C.F.R. §§752.101-752.406 (1981)). Chapter 43 (5 U.S.C. §§4301-4305) requires the agencies to set up, not later than October 1, 1981, "performance appraisal systems” on the basis of which *801 employees can be removed for "unacceptable performance.” 5 U.S.C. §§4301(3), 4302(b), 4303(a). Regulations pursuant to chapter 43 are codified in part 432. (5 C.F.R. §§432.101-432.207 (1981)). Chapter 43 gives employees slightly more procedural protections, 5 U.S.C. §4303, than does chapter 75, 5 U.S.C. §7513; but chapter 43 actions are reviewed by the board on a "substantial evidence” standard, while chapter 75 actions must be supported by a preponderance of the evidence. 5 U.S.C. §7701(c)(l). As a result, chapter 43 removals are more easily sustained, as Congress intended. See generally Wells v. Harris, MSPB Order No. RR-80-3 (Dec. 17, 1979).
It is clear that chapter 43 was intended to cover (at least, eventually) employees like petitioner. 5 U.S.C. §4301(2). So when, at the time he received his notice, petitioner made diligent inquiry of various persons familiar with the act, petitioner was told that chapter 43 and its regulations would apply to his removal. On this understanding, petitioner made a detailed written reply on the merits, as well as procedural objections, to his superiors at ASCS. He was removed on March 26,1979.
Petitioner appealed to the Merit Systems Protection Board (board). The field office set a hearing date, but petitioner declined a hearing. He explains now that he did this because he was convinced that, under chapter 43 and part 432, the agency had committed several procedural errors. The field office responded to this contention by reopening the record solely to inquire of the agency which chapter it had used. ASCS responded, on June 29,1979, that chapter 75 and part 752 had been used. The field office on July 18, 1979, found that part 432 should have been used and that the agency’s removal procedures were therefore defective. Accordingly, it reversed the removal.
ASCS, however, appealed to the board. The board remanded to the field office for reconsideration in light of Wells v. Harris, supra, which had been decided by the board just a few days earlier, with instructions to reopen the record and to allow ASCS to proceed under chapter 75. The board in Wells v. Harris held that chapter 43 "unacceptable performance” removal procedures could not be used before a performance appraisal system was in place because *802 "unacceptable performance” is determined solely by reference to an appraisal system. 5 U.S.C. §4301(3). In the interim period between the effective date of the act and an agency’s adoption of an appraisal system, chapter 75 was to be used to effect performance-based removals.
On remand, the field office offered petitioner "an opportunity to supplement the existing record with any testimonial or documentary evidence” on the merits. Petitioner declined this opportunity to present his case orally. On May 7, 1980, the field office upheld the removal on the basis of chapter 75. Petitioner again appealed to the board, which summarily affirmed the field office on October 20, 1980, noting specifically, however, that petitioner had been given an opportunity for a hearing but had waived it. Petitioner timely filed a petition for review in this court.
Petitioner’s principal complaint is that he was denied his right, under 5 U.S.C. §7701(a)(l), to a hearing before the board (i.e., the field office), because he did not make knowing waivers of the hearings offered. In connection with this he argues that the notice of proposed removal should have indicated whether chapter 43 or 75 was involved, because if it had originally cited chapter 75 he would have known not to waive the first hearing. As to the second hearing, petitioner contends that he was not adequately apprised of his opportunity for the hearing. Petitioner also states that his removal was based on secret memoranda which, if not themselves illegal, made a hearing particularly important. Petitioner’s other major objection to the proceedings below is that on the initial appeal the board should have reversed the removal and remanded the case to the agency instead of remanding it to the field office.
At the outset, we hold that the removal action was properly conducted by the agency under chapter 75. ASCS has consistently maintained that it was proceeding under chapter 75, first taking this position long before the Wells decision was issued. The notice itself certainly makes no reference to a performance appraisal system nor does it use the formula, "unacceptable performance,” from chapter 43. Standing alone, however, this conclusion decides none of petitioner’s claims.
*803 1. Petitioner’s objection to his superiors’ preparation without his knowledge of memoranda critical of his performance is without merit. An employee has the right to examine the documentary evidence upon which the agency relies, 5 C.F.R. §752.404(b), but this cannot be expanded into a right to examine and challenge conclusions about his performance at every step of the way. Preparation of such memoranda may not be a good employment practice, but it does not violate chapter 75.
2. Petitioner would also require the agency to specify in the notice of proposed removal the regulations under which the action was being taken. Admittedly, neither the statutory nor the regulatory provisions of chapter 75 (or, for that matter, chapter 43) impose such a requirement. Section 7513(b)(1) merely provides for "advance written notice * * * stating the specific reasons for the proposed action.” Accordingly, the purpose of the notice requirement is to inform the employee of the specific factual basis of the action. See Burkett v. United States, 185 Ct. Cl. 631, 634-35, 402 F.2d 1002, 1004 (1968) (decided under the predecessor statute, 5 U.S.C. §7512(b)(l) (1976)). Constitutional procedural due process, likewise, requires notice of the underlying facts and a reasonable opportunity to appeal, but it does not require elaboration of statutory rights and procedures. See, e.g., Goldberg v. Kelly, 397 U.S. 254, 267-68 (1970). The rights and procedures provided by the act are set out in the Code of Federal Regulations and are easily available to the employee.
The ASCS notice was very specific about the factual basis of the action and petitioner was able to and did present a detailed factual response to the allegations. We do not doubt that it would have been helpful to petitioner to have the procedural basis set out in the notice. Furthermore, the alleged refusal by ASCS officials to assist in clarifying this matter, if true, is deplorable. Nevertheless, petitioner had full access to the regulations by which his removal was governed, and his error in waiving the hearing, as we discuss below, was a tactical one.
3. Petitioner’s waiver of the first opportunity for a hearing was motivated by his belief that his removal should have been processed under chapter 43 and his firm convic *804 tion that chapter 43 had been violated. In waiving his hearing, then, petitioner assumed that chapter 43 properly applied, assumed that chapter 43 had been violated, assumed that the field office would decide the case solely on that procedural ground, assumed that harmful error would be found, assumed that the result would be reversal of the action, and, of course, assumed that an appeal would not be successful. In the words of Government counsel, he put all of his eggs in one basket-the procedural basket-and failed to protect himself by also arguing fully the merits of the claim.
As it turned out, he was mostly correct, but when the agency appeal to the board was successful on the procedural issue, petitioner was left having presented none of his hearing evidence to the field office. While this result may appear harsh, it must be borne in mind that petitioner was fully aware of the options open to him. Although proceeding without counsel, he challenged his removal on sophisticated procedural grounds; he made a detailed and lengthy written response on the merits. He was not restrained either by the rules of procedure or by the withholding of information from fully pursuing both avenues of challenge to his removal. We reemphasize that we view petitioner’s waiver to be a purely tactical choice, and the smooth operation of the removal procedures requires that such tactical choices be considered binding.
4. The Government has argued that, in any case, any defect in the first waiver was vitiated by the offer of a hearing upon remand. Petitioner waived this hearing also, but argues that the letter from the field office, offering him "an opportunity to supplement the existing record with any testimonial or documentary evidence,” suggested to him not a hearing but an opportunity to take or give depositions.
While we entirely agree with petitioner that the field office’s letter was anything but clear, we must again conclude that petitioner’s waiver forecloses him from further pursuing the merits of his case. He made precisely the same mistake in this waiver as he did in the first: confident that he understood the field office’s letter and the applicable law, he put all of his eggs in the procedural *805 challenge basket. When the board found against him, he was stranded.
Petitioner neither requested clarification from the field office prior to his waiver, nor did he make the most of the situation by using whatever opportunity was given him, and then challenging it if the type of hearing he in fact received was less than a full hearing. As a result of the waiver, however, we cannot address the question whether a second opportunity for a full hearing is required because it is not presented on these facts.
5. Petitioner’s final contention is that the board on the initial appeal should have reversed his dismissal instead of remanding it. The remand was clearly appropriate. ASCS had maintained throughout that the action was taken under chapter 75; therefore, under the rationale of Wells v. Harris, ASCS had proceeded correctly in removing petitioner. There was error only in the legal conclusion of the field office, and so remand cured that sole defect while leaving intact the sound actions that had preceded it.
Petitioner, of course, believes that the legal conclusion of the field office was not the sole defect in the proceedings. He maintains that the failure to give notice of the applicable regulations was error. Were he correct in this contention it would follow that the proceedings were defective from the outset and complete reversal would have been proper. However, we have rejected this contention of petitioner, supra, and so this final argument must fail also.
it is therefore ordered that, based on the foregoing, and after hearing oral argument, the decision of the Merit Systems Protection Board is affirmed.